# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN FALCON, | ) | CASE NO. 1:10-cv-02108 GSA PC |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | ) | |
| DR. SHITTU, et al., | ) | (Doc. 1) |
| Defendants. | ) | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.    Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, brings this civil rights action against correctional officials employed by the CDCR at Kern Valley State Prison (KVSP). The events that give rise to this lawsuit occurred while Plaintiff was housed at KVSP. Plaintiff claims that he was denied adequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants: Dr. Shittu, Dr. Akkano,; Dr. Araich, Registered Nurse (RN) Moonga; RN Williams.

In March of 2009, Plaintiff sought medical treatment for "skin allergies." He was seen by Dr. Akkano, who prescribed hydrocortisone cream. The hydrocortisone was ineffective, and in June 2009 Plaintiff was seen by Dr. Araich. Dr. Araich prescribed Nystatin cream, which also proved to

be ineffective.  Dr. Araich prescribed Loratadine tablets.  This treatment was ineffective, and from November to December, Dr. Shittu prescribed Nystatin .  From December to February of 2010, Dr. Araich prescribed Ketoconazole cream.   None of the medications resolved Plaintiff's problem.  In November 2009 Plaintiff requested an allergy skin test.  Dr. Araich denied Plaintiff's request.  Defendants Williams and  Shittu also denied Plaintiff's request for a skin test in March of 2010. (Compl. ¶ IV.)

### A.     Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

The crux of Plaintiff's complaint is that Defendants have not adequately treated his symptoms, and that they refuse to order a test that, in Plaintiff's view, is necessary.  Plaintiff may not hold defendants liable simply because they were unable to find a treatment regimen that was appropriate for Plaintiff before Plaintiff's transfer to High Desert State Prison.  The facts of the complaint indicate that different treatments were prescribed, and each time Plaintiff presented for treatment, his medical needs were responded to.  In order to state a claim for unconstitutional medical care, Plaintiff must allege facts indicating deliberate indifference on the part of each defendant - facts indicating that each defendant knew of an objectively serious risk to Plaintiff's health, and acted with disregard to that risk.  Disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that any of the named defendants were deliberately indifferent to an objectively serious medical need as that term is defined above.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

1 | complaint; and
2 | 5. If Plaintiff fails to file an amended complaint, the Court will recommend that this
3 | action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **March 16, 2011**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE