# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN FALCON,                              ) CASE NO. 1:10-cv-02108 GSA PC
                                          )
        Plaintiff,                      ) ORDER DISMISSING
                                          ) ACTION AS MOOT
    v.                                      )
                                          )
DR. SHITTU,                               )
                                          )
        Defendant.                      )
_____/

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002).

1

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, brings this civil rights action against correctional officials employed by the CDCR at Kern Valley State Prison (KVSP). The events that give rise to this lawsuit occurred while Plaintiff was housed at KVSP. Plaintiff claims that he was denied adequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants: Dr. Shittu; Dr. Akkano; Dr. Araich; Registered Nurse (RN) Moonga; RN Williams.

In March of 2009, Plaintiff sought medical treatment for "skin allergies." He was seen by Dr. Akkano, who prescribed hydrocortisone cream. The hydrocortisone was ineffective, and in June 2009 Plaintiff was seen by Dr. Araich. Dr. Araich prescribed Nystatin cream, which also proved to be ineffective. Dr. Araich prescribed Loratadine tablets. This treatment was ineffective, and from November to December, Dr. Shittu prescribed Nystatin . From December to February of 2010, Dr.

1  Araich prescribed Ketoconazole cream. None of the medications resolved Plaintiff's problem. In
2  November 2009 Plaintiff requested an allergy skin test. Dr. Araich denied Plaintiff's request.
3  Defendants Williams and Shittu also denied Plaintiff's request for a skin test in March of 2010.
4  (Compl. ¶ IV.)

### Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).

In the order dismissing the original complaint, the Court noted that the crux of Plaintiff's complaint was that Defendants had not adequately treated his symptoms, and they refused to order a test that, in Plaintiff's view, was necessary. Plaintiff was advised that he may not hold defendants liable simply because they were unable to find a treatment regimen that was appropriate for Plaintiff before Plaintiff's transfer to High Desert State Prison. The facts of the complaint indicate that different treatments were prescribed, and each time Plaintiff presented for treatment, his medical needs were responded to. In order to state a claim for unconstitutional medical care, Plaintiff must allege facts indicating deliberate indifference on the part of each defendant - facts indicating that each defendant knew of an objectively serious risk to Plaintiff's health, and acted with disregard to that risk. Disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff did not alleged any facts in the first amended complaint indicating that any of the named defendants were deliberately

indifferent to an objectively serious medical need as that term was defined in the order.

**Equitable Relief**

In the first amended complaint, Plaintiff names Dr. Shittu as the sole defendant. Plaintiff's central allegation regarding Dr. Shittu is the same - that he refused to order a diagnostic test that, in Plaintiff's view, was necessary. Plaintiff alleges that Dr. Shittu refused Plaintiff's request for treatment on March 5, 2010, and that he "neither reviewed plaintiff's medical file for reference nor did he provide another form of remedy to treat the illness." (Am. Compl. ¶ IV.) Plaintiff continues to suffer "skin illness." (Id.)

Plaintiff's central claim is that, despite the opinion of Nurse Williams, Dr. Araich and Dr. Shittu, a skin allergy test is necessary. That medical staff is unable to diagnose or treat Plaintiff's skin condition does not, of itself, constitute deliberate indifference. The crux of Plaintiff's claim, however, is the skin test. The sole relief requested in this action is "to have a skin allergy test performed on his person by a qualified person and to be medically reviewed by a licensed dermatologist." (Am. Compl. ¶ V.) The sole defendant in this action is Dr. Shittu, an employee of the CDCR at Kern Valley State Prison in Delano. Plaintiff is currently housed at High Desert State Prison in Susanville. Because Plaintiff's sole prayer for relief is an order directing officials to treat Plaintiff, the Court will construe this action as a complaint for injunctive relief.

The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). The sole defendant in this action is Dr. Shittu. The Court therefore has no jurisdiction over any other individual. Thus, the Court has no power to provide the relief that Plaintiff seeks. To the extent that Plaintiff seeks a court order directing Dr. Shittu to order an allergy test, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147 (1975); Enrico's, Inc. v. Rice, 730 F.2d 1250, 1255 (9th Cir. 1984).

**Conclusion and Order**

Any claim for injunctive relief against the sole defendant in this action, Dr. Shittu, is moot.

4

The Court does not have any jurisdiction against any correctional official employed at High Desert State Prison, where Plaintiff is housed. Plaintiff therefore cannot state a claim for injunctive relief in this action. This case should therefore be dismissed. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). The sole defendant in this action is employed at Kern Valley State Prison, and the events that give rise to this lawsuit occurred while Plaintiff was housed at Kern Valley State Prison. Plaintiff is curently housed at High Desert State Prison. Plaintiff cannot, therefore, amend his allegations to state a claim for equitable relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint for injunctive relief is dismissed moot. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   April 21, 2011**                              /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE